### No. 10,248

### Orleans

---

### HANEMANN v. UHRY, ET AL.

---

(May 7, 1928. Opinion and Decree.)
(May 20, 1928. Rehearing Refused.)
(July 2, 1928. Writ of Certiorari and Review denied by Supreme Court.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Obligations—Par. 7, 8.**
An offer may be withdrawn before acceptance.

2. **Louisiana Digest—Brokers—Par. 8, 9, 12.**
A broker is the agent of him who employs him originally, and only becomes the agent of the other party when the contract is finally made.

Appeal from Civil District Court. Hon. Porter Parker, Judge.

Action by Paul B. Hanemann against Heyman Uhry and Edwin J. Filleul.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Habans and Coleman, of New Orleans, attorneys for plaintiff, appellant.

Nat W. Bond, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. Plaintiff claims of defendant four months' rent. The suit is based upon the following correspondence between the plaintiff and defendants, through Generes and Ganucheau, real estate agents:

"New Orleans, August 1st, 1924.
"Messrs. Generes and Ganucheau,
"Gentlemen:
"We hereby offer to rent the premises 829-31 Conti Street from not later than August 10th, 1924, up to September 30th, 1925, on a monthly rental of $115 a month payable in advance * * * . The title of our firm will be 'Auto Steam Laundry' which will be owned by the undersigned Heyman Uhry and E. J. Filleul * * * .
This offer to remain in force and irrevocable thru Monday, August 4th, 1924.
Yours truly,
(Signed)
"H. Uhry,
"E. J. Filleul."

The plaintiff answered this offer as follows:
"August 1st, 1924.
"Messrs. Generes and Ganucheau:
"Gentlemen:
"I hereby accept the offer you procured from the 'Auto Steam Laundry' for the rental of the premises 829-31 Conti Street from August 10th, 1924, up to September 30th, 1925, at the monthly rental of $115.00 a month payable in advance.
"I agree to pay 4% commission for your services. It is understood that in the event you should succeed in finding a purchaser for this property during the terms of above lease, the commission I am now paying for this lease is to be deducted from this commission on the sale.
Yours truly,
(Signed) "P. B. Hanemann."

The plaintiff claims of defendant $460 for four months' rent beginning August 10th, 1924, based upon the above offer. He avers that he accepted the offer in the manner above stated on August 1st, 1924, and that the real estate agents immediately notified the defendants herein of plaintiffs' acceptance of the offer; but that the defendants stated that they had changed their mind and had decided to withdraw from the lease; that the plaintiff notified the defendants of his intention to hold them to their offer and demanded of them the rent which they failed to pay; that he tried to rent the property in order to minimize the loss. but failed so to do.

The defendant Uhry denied that the documents annexed to the petition constituted a lease between plaintiff and himself; that the "offer" was withdrawn prior to its aceptance, and if accepted prior to the withdrawal of said offer that no written lease was entered into as contemplated by the parties thereto, and that said offer and acceptance do not constitute a binding obligation between the plaintiff and defendants.

He admitted that Generes and Ganucheau were the agents of both petitioner and defendants, but that there being a conflict of interest between the plaintiff and defendants, Generes and Ganucheau, acting as agents of both parties, were without right in law to make a binding contract between them.

There was judgment in favor of defendant, Heyman Uhry, rejecting plaintiff's demand against him.

The plaintiff has appealed.

The first defense is that the defendants had withdrawn their offer before its acceptance.

Article 1800 (1794) of the Civil Code reads as follows:

"The contract, consisting of a proposition and the consent to it, the agreement is incomplete until the acceptance of the person to whom it is proposed. If he who proposes should before that consent is given, change his intention on the subject the concurrence of the two wills is wanting and there is no contract."

C. C. 1809 (1803): "The obligation of a contract not being complete until acceptance, or in cases, where it is implied by law, until the circumstances which raise such implication are known to the party proposing, he may therefore revoke his offer or proposition before such acceptance, but not without allowing such reasonable time as from the circumstances of the case, he may be supposed to have intended to give the party to communicate his determination."

These Articles are interpreted in Blanks vs. Sutcliffe, 122 La. 448, 47 So. 765. In that case the defendant, made the following offer to the plaintiff:

"April 12th, 1907.
"I hereby offer for your acceptance, on or before June 15th, 1907, to sell to you for $4500 cash, 60 shares of the Capital Stock of the M. and T. Bank represented by stock certificate No. ——— owned by me and standing on the books of the bank in my name.
(Signed) "W. J. Sutcliffe."

On or about April 22, 1907, and before plaintiff Blanks had accepted this offer, Sutcliffe withdrew the same. The Court held that he was entitled to do so, under the circumstances of that case. See also State ex rel. McEnery v. Nicholls, 42 La. Ann. 214, 7 So. 738; 5 La. Dig. 588.

In the case under consideration it is true that by a letter signed by the plaintiff and addressed to Generes and Ganucheau and dated August 1st, the same date as the offer, it appears that the plaintiff accepted the defendants' offer. But it nowhere appears that such acceptance was communicated to the defendants. Nor are they bound by the acceptance addressed to Generes and Ganucheau as brokers. They

were not the defendants' agents. Art. C. C. 3016 (2985) reads as follows:

"The broker or intermediary is he who is employed to negotiate a matter between two parties, and who, for that reason, is considered as the mandatory of both."

In Southern Cotton Oil Co. vs. Shreveport, 111 La. 394, the Court said:

"A broker is the agent of him who employs him originally, and only becomes the agent of the other party when the bargain between the principals is definitely settled."

Generes and Ganucheau were originally employed by the plaintiff, Hanemann, to rent and to sell his property. This is made evident by the terms of his letter of acceptance.

In that letter Hanemann provides for the payment of the commission he owes to Generes and Ganucheau for the tenant he has procured and also for the possible sale he might make of the property. If he owed Generes and Ganucheau a commission it is evident that he had employed them. Generes and Ganucheau never became defendants' agents because the bargain was never "definitely settled." There is no evidence anywhere that Hanemann's offer had been communicated to the defendants, except after their change of mind. But there is evidence that the defendants had communicated their change of mind to the plaintiff before acceptance. Uhry, one of the defendants, testified:

"I changed my mind about renting the place for certain reasons, and about one or two days afterwards I notified one of the employees, the young lady in the office of this real estate concern, that I did not want the place and would not sign the lease, long before I was ever notified that my offer was accepted."

This testimony is not contradicted in any manner. Neither the "young lady" nor the brokers testified.

The letter of acceptance written by plaintiff and addressed to the brokers was not binding upon the defendants because the brokers were not their agents.

Uhry further testified:

"Q. Were you ever notified that Mr. Hanemann had accepted that offer?
"A. Well, I don't remember the dates, but I think it was about two or three days after I notified the real estate agents that I did not want the place. I was notified after that, two or three days afterwards. The notice came to me that the offer had been accepted by Mr. Hanemann."

Considering that the defendants had signified to the plaintiff their change of mind before the acceptance of their offer had been communicated to them, the defendants are entitled to have the judgment affirmed.